## THE ESTATE OF MAISONAVE *v.* MAISONAVE ET AL.

### APPEAL from the District Court of Aguadilla.

No. 130.—Decided December 5, 1907.

RECOVERY—QUESTIONS OF FACT.—Questions relating to the identity of the things sought to be recovered, to the possession thereof, and to good or bad faith as well as to knowledge, consent, or opposition on the part of one litigant with respect to the acts performed by another litigant, are purely matters of fact.

APPEAL—JUDGMENT CONTRARY TO THE EVIDENCE.—The question whether or not a decision is supported by the result of the evidence taken at the trial cannot be considered on appeal where the appeal has not been taken within the 15 days next following rendition of judgment.

ID.—RECOVERY—THIRD PARTIES.—Even accepting the very liberal principle that a contract set forth in a private document, before being raised to the dignity of a public instrument, may affect parties having no intervention in the execution thereof, if such parties do not base their action on a more privileged title, or because, being recorded in the registry, such record may obstruct the efficacy of the contract with respect to third parties, the fact remains that the title of inheritance which, in the case at bar, is derived from an extrajudicial partition, it cannot prejudice a possessor who holds a title of purchase and sale recorded in his name in the registry of property.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

*Mr. Reichard* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The plaintiff estate, composed of the persons mentioned in the title of the complaint, bases its action on a holographic will, which is attached thereto, executed by their father, Andrés Natalio Maisonave, on May 30, 1898, which will was probated and protocoled in the notarial office of Juan Mercader y Rodríguez, residing in Aguadilla upon the death of the testator. This will constitutes his children, the plaintiffs, the heirs of the testator, and inventories, appraises, liquidates and divides his property, and among other property he devises to them in undivided equal parts a tract of land of 20 *cuerdas,* more or less, situated in the municipal district of Moca, giving the boundaries thereof, and although the testator, Andrés Natalio Maisonave, states in said will· that he did not inherit a single cent from his father, Luis Maisonave, for which reason he also awards to his heirs the rights of action which he has with respect to the liquidation of the property of the latter; notwithstanding this, it is alleged in the complaint that the property referred to which it is now sought to recover, the testator and predecessor in interest of the plaintiff estate acquired by inheritance from his father, Luis, and that it had been awarded to the testator in a partition made by common

agreement among the heirs of his father, although Andrés Natalio Maisonave had been in possession of, and paid the taxes for, said property until the year 1898, and upon his death they were paid, until 1900, by his heirs, now the plaintiffs.

The plaintiffs continue their complaint stating that the defendant, Julian Maisonave y Rosa, without any legal title whatsoever, instituted possessory proceedings, with respect to the estate in question, in the year 1899, and recorded it in his name in the registry of property, and later, on February 27, 1901, he sold it to the other defendant, Nicolás Pérez, who in his turn recorded his possession.

After stating these facts they claim the ownership of the said property and pray that it be delivered to them; that the record of possession made in favor of Julian Maisonave be declared void as well as the sale and record made in favor of Nicolás Pérez, and that both defendants pay them $1,000 for damages as the equivalent of the income and products which the property sought to be recovered should have produced since the year 1899, from which time dates the bad faith in the possession of the defendants, Julian Maisonave and Nicolás Pérez.

The latter filed their answer to the complaint alleging that the will does not constitute any title whatsoever, even in the event that the existence of the estate to which it refers, the subject matter of this litigation, were not a figment of the imagination of the testator; that they have never heard of the division of the estate of Luis Maisonave; that the predecessor in interest of the plaintiff estate had never been in possession of the property now held by Pérez, and never paid the taxes thereon; that if the plaintiffs have property it is not that now possessed by one of the defendants by purchase from the other, and they cannot explain how the plaintiffs discontinued paying the taxes on a tract of land of which they claim to be the owners without giving any reason whatsoever

to the Government; that the defendant, Julián Maisonave, had instituted possessory proceedings relating to his land under his legal title, namely, the inheritance from his father; that said land differs in area and in metes and bounds from that described in the complaint.

After making these allegations the defendants prayed that the complaint be dismissed, and that all the costs be taxed against the plaintiff estate.

The trial having been held and the evidence presented having been heard, the judge of the District Court of Aguadilla rendered judgment on February 5, 1907, and ordered that said judgment be entered, but there is no record of its entry, and we must assume that this requisite was complied with within 24 hours after rendition of the judgment as provided by section 227 of the Code of Civil Proredure.

The judgment rendered on February 4, 1907, contains conclusions of law and the judge enters into considerations therein relating to the title upon which the plaintiff estate bases its claim, which he does not consider good, and although he recognizes the fact that one José Eschevarria made the private division of the property of Luis Maisonave in 1896— that is to say, two years before the execution of the holographic will by Andrés Natalio Maisonave—he affirms that such division was not set out in any document whatsoever and deduces therefrom that it has no value at all, because article 1280 of the former Civil Code, corresponding to section 1247 of the Revised Code, provides:

"The following must appear in a public instrument:

"1. Acts and contracts, the object of which is the creation, modification, or extinction of property rights on real property."

The judge continues considering the fact that the will makes no reference whatsoever to that division, which he considers invalid, nor does it state from whom the testator acquired the property which he devises to his children, and

he also calls attention to the fact that although the testator alleges that he inherited nothing from his father, Luis, the plaintiffs assert that he acquired the land by inheritance from the latter, and from all the foregoing statements he deduces that with a title such as the said will of Andrés Natalio Maisonave, who forms a single person in this action with his children, the plaintiffs, the evidence of real ownership, or of an ownership such as that claimed, cannot be accepted, nor has the land claimed been identified by that title, which is not sufficient either to dispossess a person who has his possession recorded, nor to annul the sale made by Julián Maisonave to Nicolás Pérez, involving a larger number of *cuerdas,* more than five years ago, nor is the plaintiff estate entitled to indemnity for the income or products of an estate the title to which is insufficient.

And upon all these grounds the judge dismisses the complaint and adjudges the plaintiff estate to pay all the costs.

An appeal was taken from this judgment under date of March 4, 1907—that is to say, almost one month after it was rendered.

A statement of facts, approved by the judge of the Aguadilla court, has been presented in this Supreme Court.

Now then, the Supreme Court of Spain has repeatedly announced the doctrine in referring to article 348 which treats of property in general, and which is the equivalent of section 354 of the Revised Civil Code, that the question of the identity of things sought to be recovered, of possession and its good or bad faith, and of the acknowledgment, assent, or objection of a litigant with respect to the acts of another, are purely matters of fact.

This being the case, we must assume that generally this appeal has been taken because it is supposed that the decision does not agree with the evidence, and this assumption is borne out by the fact that a statement of facts is submitted to us in order that we may, in so far as possible, reestablish the

state of right created by that evidence which the judge examined and, in thet opinion of the appellant, erroneously weighed.

But we cannot even examine that evidence because the appeal was taken outside of the time which the law allows in this case.

Section 295 of the Code of Civil Procedure, in referring to the cases from which an appeal may be taken, provides:

"1. * * * But an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within 15 days after the rendition of the judgment."

Therefore, as we have stated, the appeal having been taken almost a month after judgment was rendered, we cannot review the judgment in this case.

This provision of law has a precedent and we shall consider it in order to throw more light on this point.

Section 295 aforesaid does not differ from section 939 of the Code of Civil Procedure of the State of California, excepting that while the period within which to appeal in this case is fixed at 60 days ours is 15 days, which term has probably with reason been limited by our Legislature.

Let us now see how section 939 has been construed by the Supreme Court of California.

In 1874 it said:

"The appeal from the judgment was not taken within 60 days after the judgment was rendered; and, under section 939 of the Code of Civil Procedure, we cannot on this appeal review the decision on the ground that it is not supported by the evidence." (*Clark* v. *Gridley,* 49 Cal., 108.)

In 1881 this rule was established by the same court in the case of *Handley* v. *Figg,* referred to in 58 Cal., pages 580 and 581.

And the same doctrine was again announced in the case of *Painter* v. *Painter,* reported in 113 Cal., pages 374 and 375.

Hence there is no doubt that this is the fixed rule, continuously applied, and is a proper construction of section 939 of the Code of Civil Procedure of the State of California, which, as we have stated above, differs from ours only in the term within which to appeal in these cases.

But when the law is as clear as our law is as to the point under consideration, a judicial determination is an easy matter and for this reason this Supreme Court had already established the same doctrine in the case of *Rafael Valentin Román* v. *The American Railroad Co. of Porto Rico,* decided January 29 , 1906, in the opinion of Mr. Justice MacLeary.

In that opinion we held:

"Where an appeal is taken on the ground that the decision of the court is not in accordance with the evidence on the trial, it cannot be considered. unless it is taken within 15 days after the rendition of judgment."

It may be found in volume 3, pamphlet No. 1, page 31, syllabus No. 6, of "Decisions of the Supreme Court of Porto Rico," published by the secretary thereof, Mr. Antonio F. Castro.

We would close this opinion here with the declaration that the judgment appealed from should be affirmed were it not that the appellant discusses a question of law in his brief in the determination of which he alleges the judge of the Aguadilla court has erred.

In the first place, the will of Andrés Natalio Maisonave, the father of the persons composing the plaintiff estate, is not *per se* a title showing ownership of the real property claimed. The evidence may have proved it, but we cannot reach this conclusion. We have already stated the reason why it is imposible for us to consider and weigh the evidence.

The appellant alleges in his brief, page 2, last paragraph, that the extra-judicial partition is the principal basis of his

claim, and in this connection, contradicting what the judge holds with regard to its lack of validity because it was not embodied in a public instrument, he quotes section 1245 of the Revised Civil Code, which is the equivalent of article 1278 of the former Code:

"It is true that contracts shall be binding, whatever may be the form in which they may have been executed, provided the essential conditions required for their validity exist."

But this has always been understood as between the contracting parties, and we do not know whether the defendants took part in that extra-judicial partition and whether they agreed thereto. This is denied in the answer and we cannot deduce anything from the evidence for the reasons hereinbefore stated.

It is true that the decision of the Supreme Court of Spain of July 1, 1901, held:

"The provisions of article 1279 of the Civile Code (the equivalent of section 1246 of the Revised Code) in no way destroy the binding force of contracts entered into by the parties, whatever be the form in which they may do so; nor do they destroy their full effectiveness when they are fulfilled by the parties, even before the contracts in which the law prescribes this requisite, have been reduced to a public instrument, thereby creating a state of right which cannot but affect those taking no part in such contracts, if these outsiders do not derive their action from a title more privileged by reason of its character, or because having been recorded in the registry the record may impair the importance of the contract with respect to a third person."

Therefore, even if we accepted this most liberal doctrine we find that it prejudices the claims of the plaintiff estate, because Nicolás Pérez, one of the defendants and the present possessor of the property the recovery whereof is sought, is a stranger and not an interested party in so far as the extra-judicial partition of the estate of Luis Maisonave is concerned; he produces in his favor a deed of purchase and sale

and has the same recorded in the registry of property, both of which circumstances the complaint acknowledges as facts, while in opposition to this all that is alleged is a title of inheritance derived from an extra-judicial partition which the plaintiff and appellant himself acknowledges was not reduced to a public instrument, and hence it is evident that it was not recorded in the proper registry.

Thus we see that the question of law raised in the brief of the appellant and which he claims to be the main basis of his complaint, has no ground to stand upon.

Another question of law appears to be suggested, namely, that the record of possession does not prejudice a person having a better right to the ownership of the real property, even though his title has not been recorded. But this is begging the question, because we cannot say that the ownership is in favor of the plaintiffs either under the title upon which it is alleged to be based or on the evidence, an analysis of which we cannot make, and therefore the second question of law raised is also disposed of, the trial judge being relieved of this further error wherewith he has been charged.

It is unnecessary for us to consider the question of prescription for purposes of acquisition on the part of the defendants, which they do not allege and which only the appellant considers and denies in his brief, nor the question of the identity of the property, or the bad faith of the present possessor, Nicolás Pérez, because all of these matters are questions of fact and therefore subject in their decision to the findings upon the evidence, which we cannot consider, because, as we have before stated, we are prevented from so doing by the fact that this appeal was taken after more than the 15 days fixed by section 295 of the Code of Civil Procedure, for the review of a judgment on the ground that it is not supported by the evidence, had elapsed.

For all these reasons we arrive at the conclusion that the judgment appealed from should be affirmed in every respect,

with the costs of the appeal also against the plaintiff and appellant.

*Affirmed.*

Mr. Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.